IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KERRY D. JENKINS,**

        Petitioner,

      v.                              CASE NO. 13-3044-SAC

**RAY ROBERTS, Secretary
of Corrections, et al.,**

        Respondent.

### MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. The matter is presently before the court upon respondent's Motion to Dismiss for Lack of Jurisdiction. Having considered this motion, the court finds that it must be granted.

**FACTUAL BACKGROUND AND CLAIM**

The following facts were set forth by the Kansas Supreme Court (KSC) on petitioner's direct appeal:

> On May 1, 2007, Jenkins stole two DVDs, valued at less than $1,000, from a grocery store. Jenkins was charged in municipal court with misdemeanor theft. Wichita City Ordinance 5.42.010 (2005), petit theft, classifies theft of property valued at under $1,000 as a misdemeanor and provides for a potential penalty of 1 year in jail and a fine.
>
> At the time of the crime, K.S.A. 2006 Supp. 21-3701(b)(5) also classified theft of property valued at less than $1,000 as a misdemeanor, but another subsection of the statute provided: "Theft of property of the value of less than $1,000 is a severity level 9, nonperson felony if

1

committed by a person who has been convicted of theft two or more times." . . . see K.S.A. 21-3701(b)(5), (6)(same). Jenkins had two prior theft convictions.

On May 31, 2007, the district attorney's office filed felony theft charges in district court against Jenkins for the same theft. But on June 5, 2007—just 5 days after the felony charges were filed—Jenkins pleaded no contest to misdemeanor theft in municipal court.

On June 21, 2007, the city prosecutor moved to vacate the misdemeanor theft conviction. The City argued the municipal court lacked jurisdiction to prosecute the misdemeanor theft charge because Jenkins' crime should have been classified as a felony under K.S.A. 21-3701(b)(6). The city prosecutor cited *State v. Elliott*, 281 Kan. 583, Syl. ¶ 1, 133 P.3d 1253 (2006), for the holding that the municipal court lacks jurisdiction over felony crimes. On July 3, 2007, the municipal court granted the City's motion to vacate.

On July 18, 2007, Jenkins filed a motion to dismiss the felony theft charge in district court, arguing it was a second prosecution for the same crime in violation of the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the United States Constitution, § 10 of the Kansas Constitution Bill of Rights, and K.S.A. 21-3108. The State argued the statutory and constitutional double jeopardy provisions were not violated because the municipal court lacked jurisdiction. The district court agreed with the State.

The district court held that under K.S.A. 21-3701(b)(6), Jenkins' third theft conviction must be classified as a felony. It held the municipal court conviction was a nullity because the municipal court lacked jurisdiction over felonies and that double jeopardy protections did not bar the felony proceedings in district court. The district court then presided over a bench trial during which Jenkins was convicted for felony theft.

*State v. Jenkins*, 295 Kan. 431, 432-33, 284 P.3d 1037 (Kan. 2012).

On July 6, 2007, Mr. Jenkins was sentenced to 9 months in prison. He filed a timely appeal to the Kansas Court of Appeals (KCA), in

2

which he argued that:

> the municipal court had jurisdiction over the misdemeanor theft prosecution, so the second prosecution violated double jeopardy.
>
> The Court of Appeals held that *Elliott* was controlling and the municipal court lacked jurisdiction because the theft was classified as a felony under K.S.A. 21-3701(b)(6). *State v. Jenkins*, No. 100,396, 2009 WL 2144059, at *1-2 (Kan.App.2009)(unpublished opinion). It then held K.S.A. 21-3108(4)(a), the statutory protection against double jeopardy, does not bar a second prosecution when the court presiding over the first prosecution lacked jurisdiction. 2009 WL 2144059, at *2.

*Id.* at 433. Petitioner's convictions were affirmed by the KCA. *State v. Jenkins*, 211 P.3d 188, 2009 WL 2144059 (Kan.App. 2009). Jenkins raised the same double jeopardy claim under the United States Constitution as well as the Kansas Constitution and state statute in the KSC and argued that double jeopardy attached to the municipal court proceeding. The KSC granted his Petition for Review, but affirmed on September 7, 2012, in a published opinion with three justices dissenting.

Mr. Jenkins filed this federal habeas corpus petition on March 11, 2013. He claims that his 2007 conviction of felony theft in Sedgwick County District Court violated double jeopardy. The court issued a show cause order to respondents. Respondents filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 6) in which they argue that Mr. Jenkins' federal habeas application should be dismissed due to lack of jurisdiction because he "is not in custody pursuant to the challenged conviction." Petitioner has filed a "Traverse to

3

Respondents' Motion to Dismiss" (Doc. 7).

**STANDARDS**

"[J]urisdictional questions are of primary consideration." *Neiberger v. Rudek*, 450 Fed.Appx. 719, 721 (10th Cir. 2011). "Without jurisdiction the court cannot proceed at all in any cause," and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)(*quoting Ex parte McCardle*, 7 Wall. 506, 514 (1868); *accord United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011)). Petitioner bears the burden of establishing jurisdiction.

The federal habeas statute gives a United States district court jurisdiction to entertain a petition for a writ of habeas corpus by "a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2254(a)(emphasis added). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement of § 2254 is

---

1 A writ of habeas corpus acts upon the petitioner's custodian and its object is to end unlawful restraint. It has not been limited solely to physical custody, but is reserved for only the most severe restrains on individual liberty, including conditional release such as probation or parole.

4

jurisdictional. *McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009); *Fleming v. Evans*, 481 F.3d 1249, 1252 n. 1 (10th Cir. 2007)(*citing Oyler v. Allenbrand*, 23 F.3d 292, 293-94 (10th Cir. 1994)); *Neiberger*, 450 Fed.Appx. at 723 ("[F]ederal district courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'"). The Supreme Court reasoned that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. The Supreme Court has thus instructed that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)(quoting 28 U.S.C. § 2254(a)); *McCormick*, 572 F.3d at 847.

The Supreme Court additionally held that a habeas petitioner is not "in custody" under a conviction whose sentence has fully expired at the time his petition is filed simply because that conviction has been used to enhance a current or future sentence. *Maleng*, 490 U.S. at 491. The "first and most compelling interest" on which the Supreme Court based this holding was "the finality of

5

convictions." *Lackawanna*, 532 U.S. at 402.[2] They reasoned that "[o]nce a judgment of conviction is entered in state court, it is subject to review in multiple forums." *Id.* They specifically mentioned both direct appeal and state postconviction review as well as § 2254. They then noted their previous holding that "[t]hese vehicles for review . . . are not available indefinitely and without limitation." *Id.* at 403 (*citing Daniels v. United States*, 532 U.S. 374, 381 (2001)). Finally, the Court plainly stated that "once a state conviction is no longer open to direct or collateral attack in its own right," because the petitioner either "failed to pursue those remedies while they were available" or "did so unsuccessfully," the petitioner "is without recourse." *Lackawanna,* 532 U.S. at 403. With regard to the situation where a defendant unsuccessfully pursued remedies, the Court explained that when a defendant sought review and did not prevail because he failed to prove a constitutional violation, his "conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of its judgment." *Id*.

The general rule requiring that a habeas petitioner be "in custody" is subject to two exceptions.[3] However, they both come into

---

[2] The Court's second concern was "ease of administration of challenges to expired sentences." *Lackawanna*, 532 U.S. at 403.

[3] The Supreme Court in *Lackawanna* is said to have answered in the negative the question left undecided in *Maleng* of whether "the [earlier] conviction itself may be subject to challenge in the attack upon the [later] sentences which it was used to enhance." *Id*. at 494. The Court confirmed the general rule that "'once a state conviction is no longer open to direct or collateral attack in its own

6

play only when the petitioner challenges his current unexpired sentence based upon the claim that a prior expired sentence used as an enhancement was unconstitutional. The first exception crafted by the Supreme Court is for challenging an enhanced sentence on the basis that the prior conviction used for enhancement was obtained without appointment of counsel in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *McCormick*, 572 F.3d at 851 (*citing Lackawanna*, 532 U.S. at 404 (additional citation omitted)). A plurality of the Court also recognized a "second exception to the general rule: cases in which a petitioner has, through no fault of his own, no means of obtaining 'timely review of a constitutional claim.'" *Id.* (*citing Lackawanna* at 405). The Tenth Circuit has "recognized the plurality's second exception as good law." *Id. (citing see Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010)). Frequently-cited examples of the second exception include where a state court has refused without justification to rule on a properly presented constitutional claim; and where a defendant obtains, after the time for direct or collateral review has expired, compelling evidence of actual innocence that could not have been uncovered in a timely manner. *See Lackawanna*, 532 U.S. at 405.

---

right,' a habeas petitioner 'generally may not challenge,' on the ground that the expired conviction was unconstitutionally obtained, a later sentence that was enhanced by that expired conviction." *McCormick*, 572 F.3d at 851 (citing *Lackawanna*, 532 U.S. at 403-04).

**DISCUSSION**

In support of their Motion to Dismiss, respondents exhibit offender records maintained by the Kansas Department of Corrections (KDOC) showing that petitioner was discharged from custody in Sedgwick County Case Number 07-CR-1863[4] on January 10, 2008. No conditional release term is mentioned by either party. They also point out that Mr. Jenkins does not dispute that he has served his 2007 felony theft sentence, stated in his petition that this sentence was for nine months, and is not challenging the convictions for which he is currently in custody. It is thus undisputed that Mr. Jenkins was no longer in custody on the 2007 conviction that he seeks to challenge at the time he filed his federal petition. Accordingly, unless petitioner falls within an exception to the "in custody" requirement, his petition must be dismissed.

The court finds that the petition, even when construed with the deference to which pro se litigants are entitled, cannot be characterized as a challenge to the sentence petitioner is currently serving. First, Mr. Jenkins makes it clear that he challenges only his 2007 felony theft conviction. His double jeopardy argument addresses the validity of that conviction only. He does not even disclose the conviction under which he is currently confined, much

---

4    Mr. Jenkins alleges in his "Traverse" that he was "discharged from criminal conviction on August 22, 2011" but provides no facts or records to support this assertion. The court notes that in his petition, Mr. Jenkins erroneously referred to his conviction under attack as Case No. 07-CR-1372, which was an earlier conviction. Whether the correct date is that provided by petitioner or that in the KDOC records, Mr. Jenkins was not in custody when he filed the instant petition.

8

less allege that his current sentence was enhanced by the challenged conviction. In short, nothing in the petition or the traverse can be read as asserting a challenge to petitioner's current conviction as enhanced by the 2007 conviction. It follows that the two exceptions that may be available in an enhancement case are not available to Mr. Jenkins.

Furthermore, even if petitioner did or could make an enhancement argument, he does not allege facts indicating that he falls within either of the two exceptions. He does not allege failure to appoint counsel in connection with his 2007 conviction.[5] Nor does he allege any facts to establish the second exception. The second exception applies where "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own" so that the federal habeas petition "may effectively be the first and only forum available for review of the prior conviction." *Daniels*, 532 U.S. at 383–84. A plurality in *Lackawanna* elaborated:

> It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner.

*Lackawanna*, 532 U.S. at 405 (citations omitted).

---

5   Petitioner is also not alleging that he is serving aggregated sentences that include his 2007 sentence or a parole term in connection with his 2007 sentence.

9

Petitioner's allegations in his pleadings and the opinions of the state appellate courts demonstrate that this is not a case where no channel of review was available. Here, Mr. Jenkins diligently pursued his available direct-appeal remedies on his 2007 conviction, albeit unsuccessfully. There is no claim that the state courts refused to consider the double jeopardy issue as a federal constitutional claim, and the opinions of the state appellate courts plainly reflect that it was thoroughly considered and debated by the justices. Because Mr. Jenkins was no longer "in custody" on his 2007 conviction at the time he filed this federal application, his state conviction was "conclusively valid" and "no longer open to attack" in federal court.

Mr. Jenkins asserts what he apparently believes should be a third exception to the "in custody" requirement. He argues that because he only recently concluded exhaustion of state remedies, he had no opportunity to bring this action while in custody. Again, the court notes that petitioner's double jeopardy claim was thoroughly reviewed by the KCA and the KSC. The Tenth Circuit rejected a similar argument in *Broomes*:

> (Petitioner) artfully attempts to overcome the "in custody" requirement by carving out a new exemption, excusing the requirement for those who, like him, were diligently pursuing state court relief when their convictions or sentences expired. However, the "in custody" jurisdictional requirement is statutorily set and the question of who is entitled to habeas review is a policy determination to be made by the legislature rather than the judiciary. Moreover, the Supreme Court's

10

> judicial interpretation of the applicable statutes has squarely set out only two exceptions, of which (petitioner) meets neither.

*Id.* at 1254. Likewise, the Tenth Circuit recently considered a case where the appellant had received a 12-month suspended sentence and 3 years' probation for battery of a police officer and then timely and unsuccessfully sought state appellate and state post-conviction review, which concluded long after she finished her probation. *Rawlins v. Kansas*, 714 F.3d 1189, 1190-91 (10th Cir. 2013). The Circuit held at the outset: "Given that she was no longer 'in custody,' Rawlins could not bring a § 2254 petition in federal court." *Id.* at 1192 (citing § 2254(a); *Maleng*, 490 U.S. at 492). The Supreme Court has observed that it has "never held" that "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 490-91.

Petitioner also argues that "this action is a continuation of his (state) appeals," his conviction clearly violated Double Jeopardy, and he has no other remedy to correct this "manifest injustice." These bald statements based on arguments on the merits do not show that petitioner meets the "in custody" requirement or that the Supreme Court's exceptions apply to this case.

In summary, petitioner does not satisfy the "in custody" requirement on the conviction he seeks to challenge because the resulting 9 month sentence had fully expired at the time he filed

11

this federal habeas corpus petition. As a result this court lacks jurisdiction to consider petitioner's double jeopardy claim, and the only function remaining to this court is to dismiss this action, without prejudice. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140 (10th Cir. 2009); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005); *Neiberger*, 450 Fed.Appx. at 723 (*citing Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006)).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action is debatable or incorrect.

**IT IS THEREFORE ORDERED** that respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is granted, and this petition for writ of habeas corpus is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2014, at Topeka, Kansas.

                                        **s/Sam A. Crow**
                                        **U. S. Senior District Judge**